### COMMISSION FOR SECURING SUBSCRIPTIONS TO AN ENDOWMENT FUND.

Superior Court of Cincinnati.

WILLIAM H. DAVIS v. OHIO MECHANICS' INSTITUTE.*

Decided, May 20, 1914.

*Principal and Agent—Subscription for Endowment Fund Made—After Term of Employment of Soliciting Agent Had Expired—Institution Not Liable to Agent for Commission.*

An agent was employed for the term of one year to solicit subscriptions to the building and endowment fund of an educational institution and was to be paid a commission upon all written subscriptions obtained by him and which were paid to the institution. He solicited a subscription from a prospective donor but did not obtain it nor any promise to make any subscription. More than a year after the termination of the employment, the person solicited made a large gift of money to the aforesaid building and endowment fund. *Held*: The agent is not entitled to a commission on the gift.

*Clement Bates* and *C. W. Baker,* for plaintiff.
*Hunt, Bennett & Utter,* contra.

PUGH, J.

Motion to direct verdict.

The plaintiff having introduced his evidence in chief, the defendant moves the court to direct the return of a verdict in its favor. The point of law involved in this motion arises

---

*Affirmed by the Court of Appeals in the following memorandum: "We find no error in the record prejudicial to the plaintiff in error. We think the case was properly arrested from the jury and an instructed verdict returned. The judgment is therefore affirmed." Motion for an order directing the Court of Appeals to certify its record overruled by the Supreme Court on January 25, 1916.

upon the construction of the written contract sued upon and the testimony of the plaintiff himself, as no other witness has given evidence upon it.

On March 14, 1906, the plaintiff and defendant entered into the written agreement attached to the petition, whereby the latter employed the former to procure subscriptions to the ''building and endowment fund'' of the Ohio Mechanics' Institute and the plaintiff claims that, among others, he secured a donation from Mrs. Mary Emery of the sum of $675,000, upon which he alleges that he is entitled to a commission of over $30,000, which he seeks to recover in this action. The execution of the contract is admitted by the defendant, but it denies that the plaintiff procured the subscription alleged and that he is entitled to any commission thereon.

The plaintiff's testimony shows that on April 26, 1906, shortly after he entered upon the performance of the agreement, he wrote to Mrs. Emery soliciting a subscription and received an answer to the effect that nothing could be done in the matter during that year at least. On January 30, 1907, he wrote again to Mrs. Emery urging her to subscribe and, in reply received a note to the effect that Mr. Livingood, the writer's financial secretary, would call and talk to him about the matter. A day or two later, Mr. Livingood called accordingly, and, after some conversation, was taken by the plaintiff to the Ohio Mechanics' Institute, then located at the corner of Sixth and Vine streets in this city, and there was introduced by the plaintiff to Mr. John Shearer, then and now superintendent of the Ohio Mechanics' Institute.

As I recall it, the testimony shows that the plaintiff took no further steps toward getting a donation from Mrs. Emery, with the exception of talking over the situation, so far as she was concerned, either with Mr. Shearer or some members of the board.

The term of the plaintiff's employment as fixed by the contract, expired March 14, 1907, and it has already been decided by the court, and indeed it is admitted by the plaintiff, that there was no renewal or extension of this one-year period.

A year or two thereafter, Mrs. Emery wrote a letter to the Ohio Mechanics' Institute in which she made a donation of

$500,000, and this was followed, still later, by the additional gift of $175,000 which, however, was made upon certain conditions and for certain specified purposes. The plaintiff's claim in substance is that he procured Mrs. Emery to subscribe these large sums of money and this action is brought to recover his 5 per cent. upon them.

Assuming that this claim is well founded, it is objected that he did not obtain any written subscription from Mrs. Emery during the time he was employed to do so by the defendant, and is therefore entitled to no commission. The contract provides as follows:

"The period for which the employment of William H. Davis for the above purposes is made, shall be for one year from date hereof, unless the board of directors by resolution extend said time."

"The above purposes," referred to in this clause of the contract are thus set out in a preceding paragraph:

"Now therefore it is agreed between the Ohio Mechanics' Institute and William H. Davis that in consideration of William H. Davis soliciting subscriptions to the Ohio Mechanics' Institute for the purpose of a 'Building and Endowment Fund' to be used in the construction of the buildings and the equipment and endowment of the schools above mentioned, the said Ohio Mechanics' Institute agrees to pay William H. Davis 5 per cent. upon all written subscriptions obtained by him and which shall be paid to the institute."

As stated, no such written subscription from Mrs. Emery was obtained by him during the term of the plaintiff's employment.

It is contended, however, on behalf of the plaintiff, that the clause of the contract which provided for the termination of his employment at the end of the year, did not require that the written subscriptions mentioned should be obtained by him within such time. His construction of the language above quoted is that it withdrew the authority to solicit subscriptions after the expiration of one year, but that, if during such period he had dealt with and interested any one in the matter of making a donation, he could continue such dealing or negotiation

and, if possible, obtain a written subscription at any time thereafter.

In the opinion of the court, the contract will not bear such interpretation. When the year expired, under the clause of the contract above quoted, all authority to represent the institute was automatically withdrawn from the plaintiff. He had no more right to continue dealings already begun and obtain thereafter a written subscription than he had to approach a new "prospect" and begin negotiations for the first time. The expression above used, "the employment of William H. Davis for the above purposes," included all relations of principal and agent which had existed between the parties under the contract. The entire agreement automatically ended with the expiration of the one-year period mentioned in it.

The case is not analogous to the ordinary one where an agent is employed to find a purchaser for property and wherein no time limit is fixed. In such instances, it is well established law that if the agent is discharged after he has procured a purchaser, and the principal, taking advantage of the work already done by the agent, himself sells the property to such purchaser, and that the principal has done this in order to defraud the agent, the latter is none the less entitled to his commission. But the agent must have found a purchaser; it is not enough that he has solicited some one to become such. Neither is it sufficient, in the absence of bad faith on the principal's part, that the agent be in the midst of a negotiation which promises success. He must have secured some one who, at a time before the agent's authority is withdrawn or comes to an end, is ready and willing, then and there, to buy the property, make the donation, sign the subscription or to do whatever it is the agent has been employed to solicit him to do. No pretense is made in this instance that Mrs. Emery, at any time during the contract period of one year, ever promised or even determined to do anything in this matter. Certainly the plaintiff did not, during such time, obtain her written subscription.

This being the court's view of the law applicable to the case presented by the plaintiff's evidence, it follows that the defendant's motion must be granted and a verdict be directed for the defendant.